# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| TIMOTHY J. GLENN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 10-06038-CV-SJ-DGK-SSA |
| MICHAEL J. ASTRUE, Commissioner of Social Security | ) ) ) ) |
| Defendant. | ) ) |

## ORDER

This case arises out of the Government's denial of Plaintiff Timothy Glenn's application for disability benefits under the Social Security Act. After Defendant denied Glenn's application at the agency level, Glenn he filed suit in federal district court. After Glenn filed his opening brief (doc. 10), the Government moved to remand the case pursuant to sentence four of 42 U.S.C. § 405(g), and the Court granted the motion.

Now before the Court is Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act (doc. 18). Defendant opposes Plaintiff's application, arguing that the 48.3 hours Plaintiff's counsel spent on the case was excessive. Plaintiff originally moved for an award of $8,814.58, but after spending six more hours responding to Defendant's opposition to the motion, the request has grown to $9,901.13. Finding that counsel has performed excellent work in a fairly difficult case with a longer than normal administrative record, and most importantly secured an excellent result for the client, the application is GRANTED. The Court awards fees and expenses under the Equal Access to Justice Act of $9,901.13.

**Standard**

The amount of an award made under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), is determined by the specific facts of the case. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The Supreme Court has identified twelve factors to consider in determining the reasonableness of a fee, 461 U.S. 424, 430 n.3 (1983), and these factors are relevant to determining an award in Social Security cases. *See Roak v. Barnhart*, 221 F. Supp. 2d 1020, 1023 (W.D. Mo. 2002) (citing five court of appeals decisions from different circuits applying these factors). These factors include the novelty and difficulty of the questions involved, the customary fee, whether the fee is fixed or contingent, the amount involved and the results obtained, and awards in similar cases. *Id.* The burden of establishing the reasonableness of a fee request rests with the applicant. *S.E.C. v. Zahareas*, 374 F.3d 624, 630-31 (8th Cir. 2004).

**Discussion**

In the present case Defendant does not dispute that the hourly rate was calculated accurately or documented appropriately, but argues the request is unreasonable because the case did not involve novel or complex issues, and the number of hours spent on the case, 48, is excessive for a typical case in this region. Defendant suggests a reasonable amount of time to spend on a typical Social Security case is between 15 and 20 hours. Defendant contends that although Plaintiff raised several other arguments in this case, those arguments were not the basis of the Court's remand order.

More specifically, Defendant contends the requested fees are excessive because they seek reimbursement for the time spent reviewing the record by the attorney hired to write the brief to the district court. Defendant argues that "[a]lthough it may have been more efficient to hire another attorney to write Plaintiff's district court brief, it is not reasonable to bill the

government" for some of this time, because the attorney who handled the case before the agency was already familiar with Plaintiff's medical record. (Def. Brief at 4). Defendant also complains that Plaintiff's counsel spent too much time, between 12 and 18 hours total, reviewing the 682 page administrative record, and too much time writing the brief. To remedy these defects, Defendants suggests that "Plaintiff's request for time be reduced by at [sic] eight hours" and five hours respectively. *Id.*

In his reply Plaintiff argues that Defendant underestimates the time required to write a brief in a routine disability case. Plaintiff argues the 15 to 20 hour estimate is too low and "substantially at odds" with estimates in other reported cases, which suggest the average is between 30 and 40 hours. Plaintiff also notes that that district courts often approve spending 50, 60, or even 70 hours working on a case. Plaintiff lists several reasons why the brief required 48 hours to prepare: The stakes were high here, this was essentially an action to recover 20 years of disability benefits; the 682 page administrative record was longer than normal; the case was medically complex because the Plaintiff suffers from approximately ten different ailments; and the brief made five different arguments instead of the usual one or two. Most importantly, counsel notes, the work resulted in a good outcome for the client—the Government conceded the appeal and asked the Court to remand the case.

Plaintiff responds to Defendant's other objections as follows: With respect to the argument that counsel should not be paid for work on arguments that were not the basis of the remand order, counsel contends that there is no basis for this in the law, and that there is actually law to the contrary, and that all the arguments advanced in the brief were made in good-faith. Plaintiff also rejects the suggestion that he should not have hired an attorney who specializes in appellate work to prepare his brief. He notes that like most federal agencies, the Social Security

Administration benefits from subspecialist lawyers who do little else but represent the agency in federal court, and there is no basis for denying disability applicants access to counsel whose practice is similarly focused. In response to the charge that he spent too much time reviewing the record, Plaintiff's counsel asserts that it is not realistic to review a 682 page transcript just once before writing a brief, and that it is not unreasonable for an attorney to review the record as he is writing the brief to take second look at material that needs to be presented in specific detail. Counsel also observes that Defendant fails to acknowledge the extensive legal research that went into the brief. The research took some time because some effort was put into finding factually analogous cases, and the cases themselves were meticulously cited, many with parenthetical references. Finally counsel suggests that while Defendant might prefer that he be paid only a minimal amount, the requested fee is reasonable given the quality of the work done here.

The Court rejects the suggestion that counsel should be compensated only for the one argument, whatever that was, that convinced Defendant to move for remand. The fact that Defendant moved for remand *after* Plaintiff filed his opening brief gives rise to an inference that something in counsel's brief convinced the agency that it had made a mistake, or at least that moving for remand was the appropriate way to resolve this dispute, and so counsel is entitled to be compensated for the reasonable time spent making the bona fide arguments in the brief. The Court finds no frivolous arguments in the brief, therefore counsel should be reimbursed for all the reasonable time spent on the brief.

The Court is also not persuaded that it is unreasonable to bill the Government for the second attorney's time because the first attorney was already familiar with the file. If it is more efficient to hire another attorney to write the brief, as the Defendant concedes it was in this case, then there is nothing wrong with such an arrangement provided the second attorney does not bill

an unreasonable amount of time becoming familiar with the file. And the amount of time counsel spent reviewing the file here was not unreasonable.

With respect to how much time it should have taken to write the brief, the Court finds an appropriate starting point is not the 15 to 20 hours suggested by Defendant. Good writing takes time, and although every case is different, 30 to 40 hours is not an unreasonable amount of time to spend writing a good quality brief in a Social Security case. To assure attorneys that they will be fairly compensated for time spent writing a good brief, the Court will not use as the benchmark a range of 15 to 20 hours. While sometimes this will be enough time, sometimes it will not, and using such a benchmark in a case like this one goes against the admonition that each case should be considered individually.

After applying the *Hensley* factors to this case the Court is convinced that spending 48.3 hours was reasonable: The stakes were high, the administrative record was abnormally long, the case was medically complex, and the brief made five arguments. The Court also notes that counsel exercised his billing judgment to voluntarily reduce his hours 15%. Most importantly, the quality of work here was noticeably better than what the Court typically receives from plaintiff's counsel in these cases, and the client received an excellent outcome. Consequently, the requested fee is reasonable, including the time spent replying to Defendant's objections. *See Miller v. Alamo*, 983 F.2d 856, 862 (8th Cir. 1993). That said, the Court cautions that the billing here is on the outer edge of reasonable, and spending 48.3 hours on another case might well be unreasonable.

**Conclusion**

For the reasons discussed above, Plaintiff's Application for Attorneys' Fees Under the Equal Access to Justice Act (doc. 18) is GRANTED. Plaintiff shall be awarded $9,901.13 in attorney's fees and expenses pursuant to 42 U.S.C. § 406(b), payable to "Burnett & Driskill" once it is determined that Plaintiff owes no debt to the United States that is subject to offset.

Date:  May 31, 2011                     /s/ Greg Kays
                                        GREG KAYS, JUDGE
                                        UNITED STATES DISTRICT COURT